**NOR–DEC, INCORPORATED, Plaintiff**

v.

**DEAN and JANE RICKBEIL, Defendants**

Civil No. 546/1987

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 31, 1987

GREGORY H. HODGES, ESQ. (DUDLEY, TOPPER & FEUERZEIG), St. Thomas, V.I., *for plaintiff*

LINDA SHELBY, ESQ., St. Thomas, V.I., *for defendants*

SMOCK, *Judge*

## MEMORANDUM AND ORDER

This matter came on for a hearing on the defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I. The plaintiff, Nor-Dec, Incorporated (hereinafter "Nor-Dec"), appeared through its attorneys, Dudley, Topper & Feuerzeig (Gregory H. Hodges, Esq.). Neither of the defendants, Dean and Jane Rickbeil (hereinafter "the Rickbeils"), nor their attorneys appeared.

Although the Rickbeils styled their motion as one to dismiss the complaint, they appear to request relief by way of a judgment on the pleadings. Because, however, an affidavit of the Rickbeils dated August 5, 1987, was submitted with the motion, the court will treat the Rickbeils' motion as one for summary judgment, 5 V.I.C. App. I, Rule 12(c).

The pleadings before the court at this stage are straightforward. Nor-Dec, as a prime contractor as that term is defined in 28 V.I.C. § 252(b)(1), allegedly provided and installed certain materials for the improvements of real property owned by the Rickbeils, and more particularly described as Parcel No. 24B Estate Mafolie, No. 8F Great Northside Quarter, St. Thomas, Virgin Islands, together with a one-quarter interest, as tenants in common with others, in Parcel No. 24F Estate Mafolie, No. 8F Great Northside Quarter, St. Thomas, Virgin Islands (hereinafter "the property"). Nor-Dec alleges that the reasonable value of the labor, materials and services provided to the Rickbeils for which Nor-Dec remains

unpaid is $88,957.64. The Rickbeils are owners as that term is defined in 28 V.I.C. § 251(d). Accordingly, Nor-Dec has filed an action for debt and foreclosure of a construction lien against the Rickbeils' property pursuant to the Virgin Islands Construction Lien Law, 28 V.I.C. § 251 et seq.

The Rickbeils' motion to dismiss alleges that the complaint filed against them by Nor-Dec should be dismissed for failure to comply with the formal requirements concerning notice to parties. Specifically, the Rickbeils claim that the construction lien placed against the property by Nor-Dec is invalid and should be removed on the grounds that Nor-Dec did not comply with the notice requirements of 28 V.I.C. § 256(e). This subsection provides in part that,

> [t]he notification to the owner or the prime contractor of a right to claim a lien may be given at any time after a subcontractor or subsubcontractor has entered into the contract pursuant to which his lien may arise. *To be effective under subsections (b) and (d)* the notice must be in writing and must be either delivered personally to or sent by registered or certified mail to the last known address of the person specified in the notice of commencement . . . [emphasis supplied].

The Rickbeils do not dispute that Nor-Dec validly recorded its notice of construction lien in accordance with 28 V.I.C. § 264(a), which specifies that, "[a] claimant's lien does not attach and shall not be enforced unless he has, not later than 90 days after his final furnishing of materials or services, recorded a notice of lien." Thus, for purposes of resolving this motion, the court must determine if Nor-Dec (1) is required to comply with 28 V.I.C. § 256(e), and (2) if so, whether Nor-Dec has met the requirements of that subsection.

■■ As to the first issue, section 256(e) by its own terms applies only to subcontractors or subsubcontractors. This is so due to a specific reference in that subsection to subsections (b) and (d) of section 256 which concerns the liens of subcontractors and subsubcontractors respectively. The reason for the requirement of such notification of a construction lien either personally or by registered or certified mail to the last known address of the person specified in the notice of commencement is to put the owner or prime contractor on notice that a subcontractor or subsubcontractor has a claim for monies due and that the owner or prime contractor, following receipt of notification, may not pay out monies with the

assurance that any such payments will reduce the "contract price"[1] insofar as it affects claimants who are subcontractors or subsubcontractors. In effect, receipt of notification under 28 V.I.C. § 256(e) "freezes" the contract price. This analysis is buttressed by the provisions of 28 V.I.C. § 264(d):

> Recording of notice of lien is not notice to the owner of any claim of lien and the owner may continue making payments under his contract which reduce his liability to the claimant until he receives notification from the claimant of his right to claim a lien as provided in section 256 of this title.

In the case of a dispute between the owner and the prime contractor, this subsection is irrelevant. Consequently, the court finds that the notification requirements of 28 V.I.C. § 256(e) have no application insofar as the owner-prime contractor relationship is concerned.

It is true that this analysis would not require personal or written notice by registered or certified mail by a prime contractor to the owner in order to complete effective service of a construction lien on the owner. Nevertheless, an owner must receive notice of the fact of a recorded lien shortly after such a lien has been recorded:

> No notice of lien provided for in this chapter binds any property for a period of time longer than 90 days after the recording of the notice of lien unless within that time an action to foreclose the lien is commenced in a proper court or unless within that time the claimant has recorded an affidavit, as provided in subsection (b) of this section, that no cause of action has accrued to him under the contract for which he recorded the notice of lien, except that, if credit is given and notice of the fact and terms of such credit is recorded in the office of the recorder subsequent to the recording of such notice of lien and prior to the expiration of such 90-day period, then such lien continues in force until 90 days after the expiration of such credit. In no case shall the lien continue in force longer than one year from the time of completion of the improvement.

28 V.I.C. § 271(a)(1). Thus, provision is made for notice to the owner of a prime contractor's lien, admittedly by the less than ideal route (in the court's view) of having a summons and complaint served upon the owner. Ideal or not, the requirements of the Virgin Islands

---

[1] For a definition of this term, see 28 V.I.C. § 251(b).

Construction Lien Law in this regard are clear and unambiguous.[2] As a practical matter, the court doubts that there would be many situations in which an owner's first intimation of the existence of a prime contractor's construction lien would be upon receipt of a summons and complaint.

Having answered the first issue in the negative, it is unnecessary to address the second issue regarding compliance.[3]

■ The Rickbeils' Response to Plaintiff's Memorandum in Opposition to Motion to Dismiss raises two further issues that need to be addressed by the court. The Rickbeils have informed the court that there is a pending matter in the District Court for the District of Puerto Rico.[4] They do not request, however, that this court take any action or forebear from taking any action as a result of it. The court will not at this time speculate whether the filing of the complaint in this matter is ". . . for some other purpose . . ." other than that for which it is obstensibly intended, but would note only that should the same allegations contained in the complaint filed in Puerto Rico by the Rickbeils be asserted as affirmative defenses or counterclaims in the instant matter, very serious contractual issues may have to be resolved. As for the second issue concerning forms prescribed for use by the office of the Lieutenant Governor, which the Rickbeils contend provides for personal service or notice by certified or registered mail by a prime contractor to an owner, 28 V.I.C. § 276 does not grant rule making authority to the Lieutenant Governor in this area, and such forms clearly have no persuasive authority. On a more practical level, the court notes that the forms prescribed and used to claim a construction lien may be used by a contractor, subcontractor or subsubcontractor, and thus need to be as flexible in format as limited space will allow.

For all of the above reasons, it is accordingly

---

[2] The court agrees with the Rickbeils that it would always be a good practice to have a process server personally serve owners with a notice of claim of construction lien, but it is nowhere required by the Virgin Islands Construction Lien Law.

[3] Nor-Dec asserts that it has given actual notice of its right to claim a construction lien to the Rickbeils. See Affidavit of Gregory H. Hodges, Esq., dated August 14, 1987. At the very least, the allegations contained in that affidavit raise issues of fact concerning service and notice that would have rendered summary judgment for the Rickbeils inappropriate, even if the court had found that Nor-Dec was required to comply with 28 V.I.C. § 256(e).

[4] Rickbeil v. Nor-Dec, Inc., Civil No. 86/1920 (HL).

ORDERED that the motion of the defendants to dismiss the complaint, which the court treats as a motion for summary judgment, is hereby DENIED; and it is further

ORDERED that the plaintiff's request for an award of attorney's fees in opposing this motion is hereby reserved until such time as there is a trial on the merits or other disposition of this matter; and it is further

ORDERED that the defendants' motion for enlargement of time is hereby DENIED as being moot; and it is further

ORDERED that all discovery be completed in this matter on or before December 1, 1987; and it is further

ORDERED that a hearing on the merits is hereby set for 2:00 p.m. on Thursday, December 10, 1987.